## UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW MALLOUGH,** | ) | **Case No.:** |
| Plaintiff**,** | ) | |
| | ) | **COMPLAINT AND DEMAND** |
| **v.** | ) | **FOR JURY TRIAL** |
| | ) | |
| **GC SERVICES, LP,** | ) | |
| | ) | **(Unlawful Debt Collections** |
| Defendant. | ) | **Practices)** |
| | ) | |

## <u>COMPLAINT</u>

MATTHEW MALLOUGH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Arnold, Pennsylvania 15068.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant is a national debt collection company with its corporate headquarters located at 6330 Gulfton, Houston, Texas 77081.

9.     Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11.     The principal purpose of Defendant's business is debt collection.

12.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     Upon information and belief, Defendant contacted Plaintiff in their attempts to collect a personal debt.

14.     Plaintiff does not have any business debts, so the debt that Defendant has been attempting to collect could only have been a personal debt that was primarily incurred for personal, family or household purposes.

15.     Beginning in or around October 2016 and continuing through February 2017, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone seeking to contact two third parties, Mr. and Mrs. Franklin.

16.     Defendant has placed telephone calls to Plaintiff from the phone number (412) 567-1960. The undersigned has confirmed that this phone number belongs to Defendant.

17.     Defendant's calls commenced shortly after Plaintiff obtained a new cellular telephone number in or around September 2016.

18.     Plaintiff is not Mr. or Mrs. Franklin and does not know Mr. and Mrs. Franklin.

19.     Upon initial contact, Plaintiff spoke to Defendant and informed Defendant that he was not Mr. or Mrs. Franklin, told Defendant to stop calling him and also gave them his name in the hopes of removing his number from their calling list.

20.     Defendant acknowledged Plaintiff's instruction and assured him that its calls would stop.

21.     Once Defendant was notified that the calls were unwanted and to stop, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

22.     However, Defendant did not update its records and continued to place calls to Plaintiff's cellular telephone.

23.     Frustrated by the repeated calls, Plaintiff downloaded a blocking application as a last resort to ultimately curtail Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

24.     A debt collector violates §1692 (d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

25.     A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with the intent to annoy, abuse or harass any person at the called number.

26.     Defendant violated sections 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously despite his indication that Defendant was calling the wrong number.

WHEREFORE, Plaintiff, MATTHEW MALLOUGH, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MATTHEW MALLOUGH, demands a jury trial in this case.

Respectfully submitted,

Dated: September 22, 2017        By: /s/ Amy L. Bennecoff Ginsburg
                                 Amy L. Bennecoff Ginsburg
                                 Kimmel & Silverman, P.C.
                                 30 East Butler Pike
                                 Ambler, PA 19002
                                 Phone: (215) 540-8888
                                 Facsimile: (877) 788-2864
                                 Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT